PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
GERARDO HERNANDEZ

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHANE SINGH, SB# 202733
 E-Mail: Shane.Singh@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants,
INK ONE, LLC, dba INK EATS & DRINKS;
SCOTT McKINSTRY and RANDY PARAGARY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INK ONE, LLC, dba INK EATS & DRINKS; SCOTT McKINSTRY; RANDY PARAGARY; AND DOES 1-20, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:18-cv-02155-JAM-AC<br>Civil Rights<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF ONLY**<br><br>Action Filed: August 8, 2018 |

1.　　Plaintiff GERARDO HERNANDEZ filed a Complaint in this action on August 8, 2018, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants INK ONE, LLC, dba INK EATS & DRINKS; SCOTT McKINSTRY; and

RANDY PARAGARY ("Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to users of the facilities located at 2730 N Street, Sacramento, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

///

for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures:** Defendants shall perform the remedial work set forth below:

        i. Adjust weight of entry door opening pressure to not greater than 5 lbs. of force.

        ii. Create operable door buzzer for those needing assistance entering restaurant or remove it.

        iii. Provide 5% accessible seating inside the restaurant.

        iv. Provide 5% accessible seating on the patio.

        v. Create accessible route to patio, including widening entrance to patio as necessary.

        vi. Provide lowered, accessible section of bar.

        vii. Provide at least one fully accessible unisex public restroom which shall be certified by a CASp.

    b. **Timing**: Defendants will apply for the necessary permits to complete each item on the schedule within 120 days of the date of the Order on this Consent Decree. Defendants will complete each item on the schedule stated in this Consent Decree within one year of receipt of approval on those necessary permits. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

    c. Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than 16 months from the date of the Order on this Consent Decree.

    d. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendants to pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

  6. The Parties have settled Plaintiff's claims of damages, attorneys' fees, litigation expenses, and costs by separate agreement which shall not be filed with the Court but which fully and finally resolves Plaintiff's claims for damages, including attorneys' fees and litigation costs and expenses against Defendants. The Parties request that the Court retain jurisdiction to resolve any disputes arising out of this Consent Decree and the separate settlement agreement as to the monetary terms.

**ENTIRE CONSENT DECREE AND ORDER:**

  7. This Consent Decree and Order constitute the entire agreement between the Parties on the matters of injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not

1 contained in this written Consent Decree and Order, shall be enforceable regarding the
2 matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the

provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.**

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be

4816-1573-6718.1 - 6 -
CONSENT DECREE AND [PROPOSED] ORDER
Case No. 2:18-cv-02155-JAM-AC

1  signed in counterparts and a facsimile signature shall have the same force and effect as an
2  original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END**
**OF THE DOCUMENT.**

| | | |
|---|---|---|
| Dated: 4/9/2019 | | PLAINTIFF GERARDO HERNANDEZ |

/s/_____
GERARDO HERNANDEZ

Dated: 4/15/2019    DEFENDANT INK ONE, LLC

By: /s/_____
Print name:_____
Title: _____

Dated: 4/21/2019    DEFENDANT SCOTT McKINSTRY

/s/_____
SCOTT McKINSTRY

Dated: 4/15/2019    DEFENDANT RANDY PARAGARY

/s/_____
RANDY PARAGARY

Approved as to form:

Dated: 4/10/2019    REIN & CLEFTON

/s/_____
By:  AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
GERARDO HERNANDEZ

Dated: 4/16/2019    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/_____
By:  SHANE SINGH, Esq.
Attorneys for Defendants
INK ONE, LLC, dba INK EATS & DRINKS;
SCOTT McKINSTRY and RANDY PARAGARY

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: April 30, 2019         /s/ John A. Mendez
                              Honorable John A. Mendez
                              U.S. District Court Judge